**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BARRY WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:19-cv-0798** |
| | ) | **Judge Aleta A. Trauger** |
| **MIDDLE TENNESSEE STATE** | ) | |
| **UNIVERSITY and STATE OF** | ) | |
| **TENNESSEE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Before the court is the Defendants' Objection to Report and Recommendation (Doc. No. 18), objecting to that portion of the Report and Recommendation ("R&R") (Doc. No. 17) issued by the magistrate judge recommending that the defendants' Motion to Dismiss (Doc. No. 10) be denied in part. The defendants assert that their motion should be granted in its entirety. For the reasons set forth herein, the Objection will be overruled.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Barry Wilson, proceeding *pro se* and *in forma pauperis*, filed his Complaint for Employment Discrimination in September 2019. He indicated that he was formerly employed by Middle Tennessee State University ("MTSU"), and he checked the boxes on the form Complaint to indicate that he was asserting claims for discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"). (*See* Doc. No. 1, at 3.) The plaintiff also checked boxes to indicate that his claims were based on the termination of his employment, a failure to accommodate his disability, unequal terms and conditions of employment, retaliation,

and "other acts" and that he suffered such discrimination based on his race, age, and disability. (*Id.* at 4.) He did not articulate any specific facts to support any of his claims. Instead, he wrote in several places on the form Complaint: "see attached." (*Id.* at 4, 5, 6.)

Attached to the Complaint are (1) a two-page typed narrative titled, "Complaint of Failure to Follow *Americans with Disabilities Act's* guidelines and regulations" (*id.* at 7–8); (2) a letter to the plaintiff from the EEOC notifying him that it was denying relief and enclosing the Dismissal and Notice of Rights, notifying him of his right to file a federal lawsuit to pursue his claims (*id.* at 9–12); and (3) a letter "To Whom It May Concern" from the plaintiff, dated November 17, 2018, that appears to be a rebuttal to MTSU's response to his EEOC charge (*id.* at 13–15). In the typed narrative, the plaintiff specifically alleged that MTSU was "involved in retaliation . . . including but not limited to: tampering with retirement benefits and health benefits, denying/inhibiting access to 'sick leave bank,' refusal to provide termination or accommodating employment, abuse and harassment" and that it "provided preferential treatment to other employees, thus demonstrating that Plaintiff['s] treatment was not equal and could be considered additional retaliation." (Doc. No. 1, at 7–8.)

Approximately two weeks after he filed the Complaint and before the court conducted an initial review and directed service of it upon the defendants, the plaintiff filed a notice of "Evidence Following Documents," to which is attached nearly 70 pages of additional exhibits, including (among many extraneous documents, some dating back to 2007): the plaintiff's original Discrimination Complaint with the Tennessee Human Rights Commission (Doc. No. 6, at 9–11) and March 18, 2018 Charge of Discrimination ("EEOC Charge") (*id.* at 28); an undated narrative summary of his claims (*id.* at 15–17); and MTSU's Position Statement, responding to the specific allegations in the plaintiff's EEOC Charge (*id.* at 6–8), enclosed with a letter to the plaintiff from

the EEOC dated October 30, 2018, requesting a rebuttal response (*id.* at 4–5).[1]

Shortly after the Complaint was filed, the court concluded that it stated colorable claims, directed service upon the defendants, and referred the case to the magistrate judge to dispose or recommend disposition of any pretrial motions. (Doc. No. 7.) Within two weeks of being served with the Complaint, the defendants filed their Motion to Dismiss and supporting Memorandum. The defendants construe the Complaint as asserting claims under the ADA and the ADEA, and as asserting a race discrimination claim under Title VII solely based on an incident that occurred in 2014. Because the EEOC charge was not filed until 2018, almost four years later and well outside the 300-day limitations period, the defendants move for dismissal of the Title VII claim as time-barred. They seek dismissal of the ADA and ADEA claims on the grounds of sovereign immunity. (Doc. Nos. 10, 11.)

In his "Answer to Motion for Dismissal" (Doc. No. 15), the plaintiff does not argue that he has also asserted a race discrimination claim under Title VII based on more recent events or a Title VII retaliation claim. Rather, he argues that his claim cannot be time-barred because his Complaint was filed within 90 days of his receipt of the EEOC's Notice of Rights. (*See id.* at 1 ("Given the *Right to Sue* letter provided by the EEOC, Fed. R. Civ. P. 12(b)(6) would not be grounds to dismiss.").)

In the R&R, the magistrate judge, taking into consideration both the form Complaint and the various filings attached to it or submitted shortly thereafter, construes the Complaint as asserting, in addition to ADA and ADEA claims, a "Title VII claim for racial discrimination, workplace harassment, and retaliation based upon workplace events occurring in 2014 and prior,"

---

[1] The plaintiff's "To Whom It May Concern" letter, attached to the Complaint, appears to be the requested rebuttal.

a Title VII claim "based upon the allegation that other MTSU employees who were . . . 'of other races' were granted reasonable accommodations," and "a claim that MTSU retaliated against [the plaintiff] because of his EEOC Charge by taking actions that prevented him from using 'the sick leave bank' and that caused him to lose his health insurance and retirement status." (Doc. No. 17, at 3, 4.) The R&R recommends dismissal of the ADA and ADEA discrimination claims as barred by sovereign immunity and dismissal of any Title VII claim based on events that took place in 2014 as time-barred. However, because the defendants' Motion to Dismiss does not address the plaintiff's claim under Title VII that he was racially discriminated against when he was not granted a reasonable accommodation or his claim that MTSU retaliated against him because of his 2018 EEOC Charge, which asserted Title VII as a basis for relief, by taking actions that prevented him from using "the sick leave bank" and caused him to lose his health insurance and retirement status, the R&R recommends that the Motion to Dismiss be denied as to these claims. (*Id.* at 10.)

The defendants thereafter submitted their Objection, arguing that the magistrate judge erred in construing the Complaint broadly enough to encompass the claims that the magistrate judge identifies but that they did not address in their Motion to Dismiss. (Doc. No. 18.) To the contrary, they insist that, "[e]ven giving the documents filed by the *pro se* Plaintiff a liberal reading," the Complaint cannot be fairly construed as articulating such claims. (*Id.* at 2.) Consequently, they contend that they are entitled to dismissal of the Complaint in its entirety.

## II.  STANDARD OF REVIEW

Within fourteen days after being served with a magistrate judge's recommended ruling on a dispositive motion, either party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). An objection is "properly" made if it is

sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

## III.    DISCUSSION

The defendants' motion is brought under Rule 12(b)(6). In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addition, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Based on this standard, the court finds that the magistrate judge did not err in concluding that the pleading articulated a readily discernable claim based on race discrimination in the form of disparate treatment of the plaintiff's requests for accommodations under the ADA and a claim

of retaliation for filing the 2018 EEOC Charge.[2]

Regarding the first, the plaintiff stated in the typed narrative attached to his Complaint that MTSU "provided preferential treatment to other employees, thus demonstrating that Plaintiff['s] treatment was not equal and could be considered additional retaliation. (Doc. No. 1, at 8.) The EEOC's Notice of Rights letter, also attached to the Complaint, provides additional context for that assertion: "You also alleged that younger employees of other races in similar situations were granted reasonable accommodations that includes new position, however your requests were denied." (*Id.* at 9.) And the plaintiff's EEOC charge and other documents filed in support of the Complaint also reference and provide additional support for this claim. There, the plaintiff specifically asserts that he is of "mix race (Native American/caucasian)" (Doc. No. 6, at 6), and that "employees of other races in similar situations were granted reasonable accommodations that includes new positions," but that his requests for a new position within MTSU were denied (*id.* at 8). In another typewritten narrative filed in support of his Complaint, the plaintiff elaborated further on this claim, specifically identifying three employees who, he claims, were "in the same, or worse situations" than he was and who were allowed to return to work. (*Id.* at 15.) The defendant denied liability on this ground, asserting that it had no obligation (under the ADA) to create a new position or displace existing employees to accommodate a disabled individual. (*Id.* (citing *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 869 (6th Cir. 2007)).) It also stated that it was "unaware" of similarly situated employees of other races and similar restrictions being returned to work. (*Id.*) The defendants' denial of liability aside, the point is that, in light of the allegations in the Complaint, construed in conjunction with the attached documentation, the defendants were clearly

---

[2] The court notes that the question of whether the Complaint can reasonably be construed as articulating discernable claims is different from the question of whether its attempt to state viable claims was successful. The latter question is not presently before the court.

put on notice that the plaintiff, at the very least, intended to state a claim of race discrimination based on preferential treatment given to allegedly similarly situated employees requesting accommodations (or entirely new positions that they could perform despite their disabilities).

Likewise, regarding the retaliation claim that the defendant's motion did not address, the typed narrative incorporated into the Complaint expressly stated: "MTSU was involved in retaliation, regarding this and other complaints against MTSU, including but not limited to: tampering with retirement benefits and health benefits, denying/inhibiting access to 'sick leave bank,' refusal to provide termination or accommodating employment, abuse and harassment." (Doc. No. 1, at 7.) In his EEOC charge, the plaintiff specifically claimed that he had been discriminated against on the basis of race and retaliated against for engaging in protected activity. (Doc. No. 6, at 28.) Again, construing the Complaint broadly, as is appropriate in light of the plaintiff's *pro se* status, *see Erickson*, 551 U.S. at 94, the court finds that the plaintiff articulated a claim in the Complaint for Title VII retaliation that was potentially not time-barred and that the defendants' Motion to Dismiss did not address.

Thus, while the plaintiff's primary focus in his EEOC Charge, Complaint, and supporting documentation is on his ADA claims, the magistrate judge did not err in construing the Complaint as asserting other claims as well. The court rejects the defendants' claim that "no documentation in the record that would support that Plaintiff actually has raised such alleged claims in his lawsuit." (Doc. No. 18, at 3.) Rather, the Complaint and its attachments, read together, give the defendants fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass 'n*, 528 F.3d 426, 437 (6th Cir. 2008).

## IV.    CONCLUSION AND ORDER

For the reasons set forth herein, the Objection (Doc. No. 18) is **OVERRULED**, and the court adopts in its entirety the R&R (Doc. No. 17). The defendants' Motion to Dismiss (Doc. No.

10) is **GRANTED IN PART AND DENIED IN PART**, as follows:

(1) The motion is **GRANTED** with respect to the plaintiff's claims under the ADEA and ADA. Those claims are **DISMISSED** on the grounds that they are barred by sovereign immunity.

(2) The motion is **GRANTED** with respect to the plaintiff's Title VII claim based upon events occurring in 2014. This claim is **DISMISSED** as time-barred.

(3) The motion is **DENIED** with respect to the plaintiff's Title VII claims that he was racially discriminated against when he was not granted a reasonable accommodation and his claim that MTSU retaliated against him because of his 2018 EEOC Charge by taking actions that prevented him from using "the sick leave bank" and that caused him to lose his health insurance and retirement status.

This case is returned to the magistrate judge for further handling under the original referral order.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge