IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| BARRY WILSON | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:19-0798 |
| | ) | |
| MIDDLE TENNESSEE STATE | ) | |
| UNIVERSITY and | ) | |
| THE STATE OF TENNESSEE | ) | |

**TO:    Honorable Aleta A. Trauger, District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

This *pro se* employment discrimination case was referred to the Magistrate Judge for pretrial proceedings. *See* Order entered October 30, 2019 (Docket Entry No. 7). Pending before the Court is a second motion to dismiss (Docket Entry No. 29) filed by Defendants Middle Tennessee State University and the State of Tennessee. For the reasons set out below, the undersigned respectfully recommends that the motion be denied.

## I.  BACKGROUND

Barry Wilson ("Plaintiff") filed this lawsuit *pro se* and *in forma pauperis* on September 11, 2019, against Middle Tennessee State University ("MTSU") and the State of Tennessee (hereinafter referred to collectively as "Defendants"). Plaintiff is a former employee of MTSU who alleges that he suffered unlawful employment discrimination. *See* Complaint at 4. Upon Defendants' early filed motion to dismiss, the Court dismissed all claims except for Plaintiff's claims that he was racially discriminated against when he was not granted a reasonable accommodation and that MTSU retaliated against him because of his 2018 EEOC Charge. *See* Memorandum and Order entered

August 28, 2020 (Docket Entry No. 19). Defendants filed an answer, and the Court entered a scheduling order, setting out deadlines for pretrial proceedings in the case. *See* Answer (Docket Entry No. 21) and Scheduling Order (Docket Entry No. 24).

The Court also directed that the parties attempt informal settlement of the case. *See* Order entered August 31, 2020 (Docket Entry No. 20). Included in the Court's Order was an admonition to the parties that "neither the status report nor any other filing made in this case should include any reference to the amount of the proposed settlement offers made by either party or the amount of any final settlement if one is reached." *Id*. at 1. Defendants filed a status report, indicating that the parties were unable to reach a mutually agreeable settlement. *See* Docket Entry No. 22.

On October 28, 2020, Plaintiff filed a motion "for the Court to re-examine [Plaintiff's] loss." *See* Docket Entry No. 26. Because Plaintiff included statements about what appeared to be the amounts of the settlement negotiations between the parties, the Court denied the motion, directed the Clerk to strike the motion because of Plaintiff's improper reference to the amounts of proposed settlement offers, and warned Plaintiff that any future filings that included the amounts of any settlement offers would be summarily stricken from the docket without review. *See* Order entered October 30, 2020 (Docket Entry No. 30).

In the one day between Plaintiff's filing of his motion and the Court's entry of its order on the motion, Defendants filed not only a response in opposition to Plaintiff's motion, *see* Docket Entry No. 28, but also the pending second motion to dismiss. Defendants request that Plaintiff's remaining two claims and the entire case be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff's reference in his motion to the settlement negotiations violated

2

the Court's prior admonition to the parties to refrain from disclosing such details in court filings. *See* Second Motion to Dismiss (Docket Entry No. 29).

Because of the filing of the motion to dismiss and the entry of the Court's October 30, 2020, Order that resolved Plaintiff's motion was so close in time, the Court directed Defendants to file a notice of their intent to either proceed with their motion to dismiss or withdraw the motion. *See* Order entered November 3, 2020 (Docket Entry No. 31). Defendants filed a notice of their intent to proceed on the second motion to dismiss. *See* Notice (Docket Entry No. 32).

## II. CONCLUSIONS[1]

Defendants' motion to dismiss should be denied because their request for dismissal of the entire case seeks a sanction that is not warranted based on the nature of the non-compliant conduct of the *pro se* Plaintiff that is at issue.

Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the Court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

---

[1] Because the Court readily finds no merit in Defendants' motion on its face, the Court has addressed the motion prior to the time allowed for a response by Plaintiff, in accordance with Local Rule 7.01(b).

Dismissal of a case as a sanction under Rule 41(b) is an extreme sanction that must be supported by the facts of a particular situation. *Carter*, 636 F.2d at 161. It is not supported by the facts of this case, and Defendants have not set forth more than even a cursory argument in support of the motion. While a party's status as a *pro se* party does not relieve them from following the orders of the Court, the *pro se* Plaintiff's single error of including in his motion reference to settlement negotiations, despite the Court's clear direction not to do this, does not evidence a clear record of contumacious conduct or otherwise evidence conduct that warrants the harsh sanction of dismissal. Furthermore, Plaintiff's transgression in no way hinders the actual prosecution of this case going forward, and any prejudice suffered by Defendant is minimal at best given that the Court has stricken the objectionable filing from the record. Additionally, Plaintiff has been warned that any future filings he makes that includes reference to settlement negotiations will be summarily stricken from the docket without review. Finally, it would be inconsistent for the Court to find merit in Defendants' argument that Plaintiff's failure to follow a Court's order warrants dismissal of the case when Defendants' motion is itself non-compliant with Local Rule 7.01(a)(2) because it was not accompanied by a supporting memorandum of law, even though the motion plainly requires resolution of an issue of law.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the second motion to dismiss (Docket Entry No. 29) filed by Defendants Middle Tennessee State University and the State of Tennessee be DENIED.

4

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

        Respectfully submitted,

        BARBARA D. HOLMES
        United States Magistrate Judge