IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARRY WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-00798 |
| ) | |
| MIDDLE TENNESSEE STATE ) | |
| UNIVERSITY; and ) | Judge Trauger |
| the STATE OF TENNESSEE, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, by and through the Tennessee Attorney General, have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants file this memorandum in support of their Motion.

## PROCEDURAL HISTORY

Plaintiff originally filed this matter as a *pro se* on September 11, 2019. (Docket Entry No. 1). Defendants filed a Motion to Dismiss on January 31, 2020. (Docket Entry No. 10.) The Motion to Dismiss was granted in part and denied in part by the United States District Court on August 28, 2020, leaving Plaintiff's claim of discrimination and retaliation under Title VII as the only remaining claims. (Docket Entry No. 19). Defendants filed their Answer on September 30, 2020. (Docket Entry No. 21). Under the Court's most recent Order, discovery is to be completed by January 29, 2021, and dispositive motions are due on or before March 31, 2021. (Docket Entry No. 24).

1

# DEFENDANTS' THEORY OF THE CASE

Plaintiff Barry Wilson was hired by Middle Tennessee State University (MTSU) as a Steam and Chiller Operator in 2011.

Plaintiff alleges racial discrimination and retaliation in the course of his employment. Specifically, Plaintiff alleges that he was racially discriminated against when he was not granted a reasonable accommodation and his claim that MTSU retaliated against him because of his 2018 EEOC Charge by taking actions that prevented him from using "the sick leave bank" and that caused him to lose his health insurance and retirement status.

# SUMMARY OF FACTS[1]

Plaintiff Barry Wilson is a Native American/Caucasian male employee who at all times relevant was employed by Middle Tennessee State University. Mr. Wilson alleges violations of Title VII of the Civil Rights Act of 1964 as to racial discrimination and retaliation in employment by Defendants.

On October 21, 2020, Defendants' First Requests for Admission were served on Plaintiff. On October 23, 2020, Defendants' counsel received the signed return receipt card (signed by Iva Wilson) for the certified mailing containing the Defendants' First Set of Requests for Admission that were served on Plaintiff. Plaintiff Barry Wilson never answered or responded in any way to the Defendants' First Requests for Admission after they were served on Plaintiff. By failing to respond to the Requests for Admission, Plaintiff Luis Sweeney has admitted that he has no proof or evidence

---

[1] All facts in this section are included in the Statement of Undisputed Facts with citations to the record, filed contemporaneously herewith. Defendant has identified undisputed facts for the purpose of this Motion and Memorandum only and reserves the right to dispute these facts if the case goes to trial.

of racial discrimination or retaliation regarding his employment by MTSU.  (FRCP 36(b)).

## STATEMENT OF LEGAL ARGUMENT

Through his failure to respond to Requests for Admission in the discovery process in this case, Plaintiff has *admitted* that he has no proof or evidence as to racial discrimination or retaliation.  Thus, Defendants are entitled to summary judgment.

## LEGAL STANDARD

The standard for summary judgment is well-established.  Summary judgment is appropriate when the record show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The evidence must be viewed in a light most favorable to the nonmoving party.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).  The mere possibility of a factual dispute is not enough to avoid summary judgment, *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992), nor is it sufficient for the nonmoving party merely to show that there is some metaphysical doubt as to the material facts.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (internal quotations and citation omitted).

# ARGUMENT

**I. Plaintiff Has No Proof or Evidence of Racial Discrimination or Retaliation and Has Admitted Same.**

On October 21, 2020, Defendants' First Requests for Admission were served on Plaintiff. On October 23, 2020, Defendants' counsel received the signed return receipt card (signed by Iva Wilson) for the certified mailing containing the Defendants' First Set of Requests for Admission that were served on Plaintiff. Plaintiff Barry Wilson never answered or responded in any way to the Defendants' First Requests for Admission after they were served on Plaintiff. By failing to respond to the Requests for Admission, Plaintiff Luis Sweeney has admitted that he has no proof or evidence of racial discrimination or retaliation regarding his employment by MTSU. (FRCP 36(b)).

Specifically, Defendants' Requests for Admissions Nos. 1 through 2 asked *pro se* Plaintiff to admit having **no** proof or evidence as to racial discrimination or retaliation by Defendants during employment by Middle Tennessee State University (MTSU).[2] Federal Rule of Civil Procedure 36(a)(3) states that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection … ." In the more than two years since being served with the Requests for Admissions, Plaintiff has neither answered nor objected. Pursuant to Federal Rule of Civil Procedure 36(b), a matter admitted under this rule is conclusively established. Therefore, Defendants are entitled to summary judgment.

In *Goodson v. Brennan*, Plaintiff was a former federal employee who brought action against Postmaster General of the United States Postal Service, in her official capacity, asserting claims under Title VII for sexual harassment, sex discrimination, and hostile work environment. The United States District Court for the Middle District of Tennessee granted summary judgment in

---

[2] See page 7 of Defendants' First Requests for Admissions to Plaintiff Barry Wilson which is included in

favor of Defendant due to Plaintiff's failure to respond to Requests for Admission. *Goodson v. Brennan*, 688 Fed. Appx. 372, (6th Cir. 2017).

In *Goodson*, the United States Court of Appeals for the Sixth Circuit specifically held that Rule 36 permits one party to request admissions as to a broad range of matters by another party, including ultimate facts and the application of law to fact. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). By operation of law, "[a] matter *is admitted unless*, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3) (emphasis added). Further, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). Thus, by never responding to Defendant's RFAs, or filing a motion for relief, Plaintiff admitted and conclusively established as fact all statements therein. *Goodson v. Brennan*, 688 Fed. Appx. 372, 375 (6th Cir. 2017).

Defendants submit that the same holds true in the instant case. By failing to respond to the Requests for Admission, Plaintiff has admitted to having ***no*** proof or evidence as to racial discrimination or retaliation by Defendants during employment by Middle Tennessee State University (MTSU).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court grant their Motion for Summary Judgment as to all remaining claims alleged by Plaintiff.

---

Defendants' Notice of Filing.

Respectfully submitted,

**HERBERT H. SLATERY III
ATTORNEY GENERAL AND REPORTER**

    s/ John W. Dalton
**JOHN W. DALTON, BPR No. 16653
Senior Assistant Attorney General**
Education and Employment Division
UBS Tower, 18th Floor
P.O. Box 20207
Nashville, Tennessee 37202-0207
615-741-8062
john.dalton@ag.tn.gov

Attorney for Defendants

## CERTIFICATE OF SERVICE

       I hereby certify that on November 25, 2020, a copy of the Defendants' Memorandum in Support of their Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows: N/A

All other parties will be served by regular U.S. Mail as follows:

>Mr. Barry Wilson
>123 A Ray
>Shelbyville, TN 37160

Parties may access this filing through the Court's electronic filing system.

                                       s/ John W. Dalton
                               **JOHN W. DALTON, BPR No. 16653**
                               **Senior Assistant Attorney General**