IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BARRY WILSON | ) | |
| | ) | |
| v. | ) | NO. 3:19-0798 |
| | ) | |
| MIDDLE TENNESSEE STATE | ) | |
| UNIVERSITY and | ) | |
| THE STATE OF TENNESSEE | ) | |

**TO:    Honorable Aleta A. Trauger, District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

This *pro se* case was referred to the Magistrate Judge for pretrial proceedings. *See* Order entered October 30, 2019 (Docket Entry No. 7). Pending before the Court is a motion for summary judgment (Docket Entry No. 38) filed by Defendants Middle Tennessee State University and the State of Tennessee. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

## I.  BACKGROUND

Barry Wilson ("Plaintiff") filed this lawsuit *pro se* and *in forma pauperis* on September 11, 2019, against Middle Tennessee State University ("MTSU") and the State of Tennessee (hereinafter referred to collectively as "Defendants"). Plaintiff is a former employee of MTSU, where he worked in a maintenance capacity as a Steam and Chiller Operator from 2011 until he apparently left employment at MTSU sometime in 2018 or 2019.[1] Plaintiff

---

[1] It is somewhat unclear from the record, but it appears that Plaintiff was no longer employed at MTSU at the time he filed his complaint. Although filings made by Plaintiff

alleges in his lawsuit that he suffered unlawful employment discrimination while working at MTSU. *See* Complaint (Docket Entry No. 1). Although he brought claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 *et seq*. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*. ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. §§ 12102, *et seq*. ("ADA"), the Court granted Defendants' early filed motion to dismiss as to all claims except for a Title VII claim for racial discrimination and a Title VII claim for retaliation. *See* Memorandum and Order entered August 28, 2020 (Docket Entry No. 19) at 5-8. The racial discrimination claim is based upon Plaintiff's allegation that he was not granted a reasonable accommodation for a disability but that employees of other races were granted reasonable accommodations.[2] The retaliation claim is based upon Plaintiff's allegation that MTSU retaliated against him because he filed a charge of discrimination in 2018 by taking actions that prevented him from using "the sick leave bank" and that caused him to lose his health insurance and retirement status.[3]

Defendants filed an answer, and the Court entered a scheduling order, setting out deadlines for pretrial proceedings in the case. *See* Answer (Docket Entry No. 21) and Scheduling Order (Docket Entry No. 24). The parties' attempt to informally settle the case was

---

indicate that he may have been employed in late 2018, *see* Attachments to Complaint (Docket Entry No 1-1) at 5, he alleges "termination of my employment" in his complaint. *See* Complaint at 4. Because he failed to include any facts about his termination and did not allege termination in the charge of discrimination that underlies his complaint, the Court has not construed his complaint as asserting a termination claim. *See* Report and Recommendation entered April 23, 2020 (Docket Entry No.17) at 2-4.

[2] Plaintiff alleges that he is "of a mix race (Native American/Caucasian)." *See* March 13, 2018, EEOC Charge contained in Notice of Evidence (Docket Entry No. 6) at 28.

[3] *See* Complaint at 7.

not successful. *See* Order entered October 14, 2020 (Docket Entry No. 23). Although Plaintiff has demanded a jury, a jury trial has not yet been scheduled in the case.

## II. MOTION FOR SUMMARY JUDGMENT

Defendants contend that they are entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure because Plaintiff has no evidence or proof supporting his claims. The sole argument raised by Defendant is that Plaintiff failed to respond to requests for admissions that were served upon him during discovery and that, pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, his failure to respond deems him to have admitted the matters at issue in the requests for admissions. Specifically, Defendants contend that Plaintiff was asked to admit or deny that:

> [he] has no proof or evidence that he was racially discriminated against by Defendants when he allegedly was not granted a reasonable accommodation,

and

> [he] has no proof or evidence that MTSU allegedly retaliated against him because of his 2018 EEOC Charge by taking actions that allegedly prevented him from using 'the sick bank" and that allegedly caused him to lose his health insurance and retirement status.

*See* Requests for Admissions Nos. 1 and 2 (Docket Entry No. 41-1) at 11. Defendants assert that Rule 36 allows ultimate facts, such as those at issue in the noted requests for admissions, to be admitted and conclusively established when a party has not responded and has not moved to withdraw or amend the party's admissions. Defendants contend that the admissions to which Plaintiff failed to respond as required by Rule 36(a)(3) conclusively establish under Rule 36(b) that Plaintiff has no proof or evidence to support his claims, that his claims lack evidentiary

3

support that would permit a judgment to be rendered in Plaintiff's favor on the claims, and that Defendants are entitled to summary judgment on Plaintiff's claims. Defendants support their motion with a memorandum of law (Docket Entry No. 39), a statement of undisputed material facts ("SUMF") (Docket Entry No. 40), and the affidavit of Defendants' counsel, John W. Dalton with the pertinent request for admissions and a certified mail return receipt showing that the requests for admission were served upon Plaintiff (Docket Entry No. 41-1).

The Court advised Plaintiff of the need to respond to Defendants' motion and to Defendants' SUMF and gave him a deadline of January 4, 2021, to file a response. *See* Order entered December 1, 2020 (Docket Entry No. 50). The Court further summarized Defendants' argument regarding the requests for admissions and the impact under Rule 36 of Plaintiff's failure to respond or to file a motion to be granted relief from his failure to respond. *Id*.

Plaintiff has not filed a direct response to the motion for summary judgment and has not filed a response to Defendants' SUMF. Instead, on January 4, 2021, Plaintiff filed a "motion" in which he: (1) asserts that he is attempting to locate recordings that will help his case; (2) requests that 12 specific individuals,[4] as well as possibly other individuals, be made available to be deposed; and, (3) asserts that he reserves "the right to add recordings, videos, and more documents and individuals at any time as my case develops." *See* Docket Entry No. 53.

Defendants have filed a response (Docket Entry No. 54) in opposition to Plaintiff's motion. Defendants first contend that the motion is not an actual response to the motion for

---

[4] Among the individuals who Plaintiff seeks to depose are the Tennessee Governor, two Tennessee state congresspersons, a former United States Senator for Tennessee, a current United States Senator for Tennessee, the President of MTSU, several union officials, and his minister.

4

summary judgment, and they further object to the motion to the extent that it is construed as some type of request for discovery depositions.

### III. STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual disputes between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018). The Court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Id*. Credibility judgments and weighing of evidence are improper in the stance of review of a motion for summary judgment. *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018).

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that it believes demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018); Rule 56(c)(1)(A). Once the moving party has met its initial burden, the nonmoving party is not entitled to trial merely on the basis of allegations but must present evidence supporting its claims or defenses. *See Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Pittman*, 901 F.3d at 628.

## IV. ANALYSIS

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  Additionally, Title VII's anti-retaliation provision provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  Generally, the plaintiff must support a claim under Title VII with direct evidence of unlawful conduct or with circumstantial evidence that raises an inference of unlawful conduct. *Johnson v. Kroger Co.*, 319 F.3d 858, 864-65 (6th Cir. 2003).  Whatever method of proof is used, the ultimate burden is on the plaintiff to show, through a preponderance of the evidence, that the defendant engaged in unlawful conduct under Title VII. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 518 (1993).

Defendants have filed a motion that does not resemble the type of motion for summary judgment that is commonly filed in which the moving party presents evidence in an attempt to show that it acted lawfully and/or presents evidence that tends to show that a plaintiff's allegations are unfounded or that a plaintiff's evidence is insufficient to support the legal claims that are at issue. To the contrary, Defendants have not presented any affirmative evidence in their

6

favor, relying instead upon what is, by operation of Rule 36, a conclusively established admission by Plaintiff that he has no proof and evidence supporting his claims.

Rule 36(a) provides that:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

Fed. R. Civ. P. 36(a)(3). Rule 36(b) further provides that:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). Defendant has set forth proof that the two requests for admissions at issue were served upon Plaintiff and that Plaintiff failed to respond at all to the requests. *See* Affidavit of Dalton. Plaintiff has not disputed this proof. As a result, the application of Rule 36(a)(3) results in admissions by Plaintiff that he has no proof or evidence to support his claims. Further, upon Plaintiff's failure to seek relief under Rule 36(b), the admissions conclusively established that Plaintiff has no proof or evidence to support his claims. *See Goodson v. Brennan*, 688 Fed.App'x 372, 375 (6th Cir. 2017); *Cont'l Ref. Co., LLC v. Hartford Steam Boiler Inspection & Ins. Co.*, 350 F.Supp.3d 601, 610 (E.D.Ky. 2018), *aff'd*, 769 Fed.App'x 355 (6th Cir. 2019) (conclusively established admission is "binding" on the admitting party).

Defendants are entitled to rely upon the admissions obtained by written discovery in the same manner as they would be entitled to rely upon an admission by Plaintiff under questioning at a deposition that he has no proof or evidence to support his claims. Although the admission requests sought by Defendants were directed at the ultimate issue of whether Plaintiff has proof

7

and evidence to support his claims, they did not require Plaintiff to admit to matters of law or legal conclusions or to matters that are not capable of being admitted or denied. Thus, the admission requests sought information that could be admitted or denied by Plaintiff. *See Goodson, supra* ("Rule 36 permits one party to request admissions as to a broad range of matters by another party, including ultimate facts and the application of law to fact."). The admissions made by Plaintiff are properly presented as the basis for Defendants' motion for summary judgment because they are probative of Plaintiff's ability to meet his ultimate burden of proof as to his two remaining claims. Case law supports granting summary judgment to a moving party when the opposing party has, through its failure to respond to Rule 36 requests, admitted matters that negate the opposing party's ability to prove its case. *See Goodson, supra*; *Padgett v. Big Sandy Reg'l Det. Ctr.*, 424 F.Supp.3d 506, 507-08 (E.D. Ky. 2019) (civil rights claims); *Kennedy v. Cambridge Square of Covington, Ltd. P'ship*, 2020 WL 6729282 at *1 (E.D. Ky. Nov. 13, 2020) (negligence claim); *Johnson v. Guardsmark, Inc.*, 2012 WL 347060 at *4 (S.D. Ohio Feb. 2, 2012) (Title VII claims); *Smith v. Wal-Mart of Nicholasville, KY*, 2012 WL 1985326 at *3 (E.D. Ky. June 1, 2012), *aff'd* (Jan. 28, 2013) (negligence claim); *Buckeye Cablevision, Inc. v. Alphonso Vasquez*, 2005 WL 8166162 at *3 (N.D. Ohio Aug. 31, 2005) (federal and state telecommunication claims).

Plaintiff bears the burden of proof on both of his remaining claims. *St. Mary's Honor Ctr.*, *supra*. Given the conclusively established lack of proof or evidence supporting Plaintiff's claims, he lacks evidence upon which a reasonable jury could find in his favor. Furthermore, the filing Plaintiff made subsequent to the motion for summary judgment fails to offer any response or argument that sets out a basis upon which to deny the motion for summary judgment.

8

First, Plaintiff does not offer a direct response to the motion or to Defendants' Rule 36 argument and has also not responded to Defendants' SUMF. In the absence of a response, Local Rule 56.01(f) deems the facts asserted by Defendants in the SUMF to be undisputed for the purposes of summary judgment. Second, Plaintiff fails in his filing to offer any actual supporting evidence and merely contends that the multiple people he would like to depose may have "viable information" to support his case. However, when challenged with a motion for summary judgment that argues that evidence does not exist to support the claims at issue, it is the non-moving party's burden to come forth with evidence that is sufficient to raise genuine issues of material fact, which if resolved in the non-moving party's favor, would permit a reasonable jury to find in the non-moving party's favor. *Pittman*, 901 F.3d at 628. Plaintiff has simply not met this burden.

The Court recognizes that Plaintiff is proceeding *pro se* and that he is entitled to a certain measure of leniency in the construction of his filings and in the manner of his litigation. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, "the lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and *pro* se parties must follow the same rules of procedure that govern other litigants. *See Fields v. County of Lapeera*, 2000 WL 1720727 at *2 (6th Cir. Nov. 8, 2000); *Aug. v. Caruso*, 2015 WL 1299888 at *6 (E.D. Mich. Mar. 23, 2015); *Greer v. Home Realty Co. of Memphis Inc.*, 2010 WL 6512339 at *2 (W.D. Tenn. July 12, 2010); *Looper v. Educ. Credit Mgmt. Corp.*, 2008 WL 2965887 at *8 (E.D. Tenn. July 30, 2008). Ordinary civil litigants that proceed *pro se* are not entitled to special treatment, including assistance with responding to dispositive motions. *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir.1988). Given the bases for Defendants'

motion and the minimal response by Plaintiff to the motion, summary judgment should be granted to Defendants on Plaintiff's claims.

### R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully RECOMMENDED that the motion for summary judgment (Docket Entry No. 38) filed by Defendants Middle Tennessee State University and the State of Tennessee be GRANTED and that this action be DISMISSED WITH PREJUDICE as to all claims.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

10